UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| JOHN CEAL FOLK, III, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:20-cv-902-GMB |
| | ) |
| KILOLO KIJAKAZI,[1] Acting Commissioner, Social Security Administration, | ) ) ) |
| | ) |
| Defendant. | ) |

## **MEMORANDUM OPINION**

On February 20, 2017, Plaintiff John Ceal Folk, III filed an application for a period of disability and disability insurance benefits ("DIB"). His alleged disability onset date is September 28, 2015.[2] Jones' application for benefits was denied at the initial administrative level. He then requested a hearing before an Administrative Law Judge ("ALJ"). The ALJ held a hearing on February 6, 2019, and he denied Folk's claims on March 14, 2019. Folk requested a review of the ALJ's decision by the Appeals Council, which declined review on May 28, 2020. As a result, the ALJ's decision became the final decision of the Commissioner of the Social Security

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi should be substituted for Andrew Saul. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).
[2] Folk's initial alleged onset date was May 1, 2011, but he amended it to September 28, 2015. R. 240–41, 249.

Administration (the "Commissioner") as of May 28, 2020.

Folk's case is now before the court for review pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Under 28 U.S.C. § 636(c)(1) and Rule 73 of the Federal Rules of Civil Procedure, the parties have consented to the full jurisdiction of a United States Magistrate Judge. Doc. 18. Based on a review of the parties' submissions, the relevant law, and the record as a whole, the court concludes that the decision of the Commissioner is due to be affirmed.

## I. STANDARD OF REVIEW[3]

The court reviews a Social Security appeal to determine whether the Commissioner's decision "is supported by substantial evidence and based upon proper legal standards." *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997). The court will reverse the Commissioner's decision if it is convinced that the decision was not supported by substantial evidence or that the proper legal standards were not applied. *Carnes v. Sullivan*, 936 F.2d 1215, 1218 (11th Cir. 1991). The court "may not decide the facts anew, reweigh the evidence, or substitute its judgment for that of the Commissioner," but rather "must defer to the Commissioner's decision if it is supported by substantial evidence." *Miles v. Chater*,

---

[3] In general, the legal standards applied are the same whether a claimant seeks DIB or Supplemental Security Income ("SSI"). However, separate, parallel statutes and regulations exist for DIB and SSI claims. Therefore, citations in this opinion should be considered to reference the appropriate parallel provision as context dictates. The same applies to citations for statutes or regulations found in excerpted court decisions.

84 F.3d 1397, 1400 (11th Cir. 1997) (citation and internal quotation marks omitted). "Even if the evidence preponderates against the Secretary's factual findings, [the court] must affirm if the decision reached is supported by substantial evidence." *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). Moreover, reversal is not warranted even if the court itself would have reached a result contrary to that of the factfinder. *See Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991).

The substantial evidence standard is met "if a reasonable person would accept the evidence in the record as adequate to support the challenged conclusion." *Holladay v. Bowen*, 848 F.2d 1206, 1208 (11th Cir. 1988) (quoting *Boyd v. Heckler*, 704 F.2d 1207, 1209 (11th Cir. 1983)). The requisite evidentiary showing has been described as "more than a scintilla, but less than a preponderance." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The court must scrutinize the entire record to determine the reasonableness of the decision reached and cannot "act as [an] automaton[] in reviewing the [Commissioner's] decision." *Hale v. Bowen*, 831 F.2d 1007, 1010 (11th Cir. 1987). Thus, the court must consider evidence both favorable and unfavorable to the Commissioner's decision. *Swindle v. Sullivan*, 914 F.2d 222, 225 (11th Cir. 1990).

The court will reverse the Commissioner's decision on plenary review if the decision applies incorrect law or fails to provide the court with sufficient reasoning to determine that the Commissioner properly applied the law. *Grant v. Astrue*, 255

F. App'x 374, 375–76 (11th Cir. 2007) (citing *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994)). There is no presumption that the Commissioner's conclusions of law are valid. *Id.*

## II.  STATUTORY AND REGULATORY FRAMEWORK

To qualify for disability benefits, a claimant must show the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A) & 416(i). A physical or mental impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrated by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). Folk bears the burden of proving that he is disabled, and he is responsible for producing evidence sufficient to support his claim. *See Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003).

A determination of disability under the Social Security Act requires a five-step analysis. 20 C.F.R. § 404.1520(a). The Commissioner must determine in sequence:

> (1) Is the claimant presently unable to engage in substantial gainful activity?
> (2) Are the claimant's impairments severe?
> (3) Do the claimant's impairments satisfy or medically equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1?

(4) Is the claimant unable to perform his former occupation?
(5) Is the claimant unable to perform other work given his residual functional capacity, age, education, and work experience?

*See Frame v. Comm'r, Soc. Sec. Admin.*, 596 F. App'x 908, 910 (11th Cir. 2015). "An affirmative answer to any of the above questions leads either to the next question, or, [at] steps three and five, to a finding of disability. A negative answer to any question, other than at step three, leads to a determination of 'not disabled.'" *McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986) (quoting 20 C.F.R. § 416.920(a)−(f)). "Once the finding is made that a claimant cannot return to prior work the burden of proof shifts to the Secretary to show other work the claimant can do." *Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995) (citing *Gibson v. Heckler*, 762 F.2d 1516 (11th Cir. 1985)).

### III. RELEVANT FACTUAL BACKGROUND

Folk was 47 years old during the relevant time period.[4] R. 240. He testified that he could not work primarily because of complications from an injury to his head that occurred at a cattle sale. R. 48–49. In his disability report, Folk alleged that blood pressure problems, concussions, head trauma, anxiety, gout, and arthritis prevent him from working. R. 255.

Folk completed one year of college and then entered the Marine Corps. R. 42–

---

[4] Because Folk's amended alleged onset date is September 28, 2015 and his date last insured is March 31, 2016, the six-month period between these dates is the timeframe relevant to his claim.

43. In the past, he held a variety of employment positions. He was the head herdsman at Ellis Angus Farm for six years and worked in the hay business. R. 43, 44. He also has worked as a truck driver and construction laborer performing demolition work. R. 44, 47, 61, 256.

Folk submitted a number of medical records to the ALJ to support his claim of disability, including a medical health source statement dated January 14, 2019 from his treating psychiatrist, Dr. F. Jamil. R. 992. The statement consists of a series of questions, in response to which Dr. Jamil circled the response "yes" or "no":

- Can Mr. Folk understand, remember or carry out very short and simple instructions?
- Can Mr. Folk maintain attention, concentration and/or pace for periods of at least two hours?
- Can Mr. Folk perform activities within a schedule and be punctual within customary tolerances?
- Can Mr. Folk maintain an ordinary routine without special supervision?
- Can Mr. Folk adjust to routine and infrequent work changes?
- Can Mr. Folk interact with supervisors and or co-workers?
- Can Mr. Folk maintain socially appropriate behavior and adhere to basic standards of neatness and cleanliness?

R. 992. Dr. Jamil circled "no" for every question. R. 992. When asked "in addition to normal workday breaks, what percentage of time would [he] expect Mr. Folk to be off-task in an 8 hour day," Dr. Jamil wrote "he cannot work." R. 992. He wrote the same response when asked how many days Mr. Folk would be expected to miss during any 30-day period due to his psychological symptoms. R. 992. He listed the side effects of Folk's medication as "drowsiness" and indicated that Folk's

6

limitations existed back to September 28, 2015. R. 992.

The ALJ assigned little weight to this opinion because it was inconsistent with Dr. Jamil's own treatment notes and other evidence in the record. R. 29. More specifically, the ALJ found that

> [o]pinions regarding ability to work are reserved to the Commissioner. I give the rest of Dr. Jamil's opinion little weight because it is inconsistent with his own examination findings, which included appropriate appearance, grooming, and behavior, normal speech, and good eye contact. His mood was anxious, with appropriate affect. He was alert and oriented x4, with fair concentration and judgment and adequate insight. His thought process was coherent. Dr. Jamil himself noted that the claimant continued to work on the farm in July 2016. In March 2017, the claimant and his wife stated that he was able to perform self-care, run errands, care for his dog, and drive independently on a daily basis approximately one year after his date last insured.

R. 29 (internal citations omitted).

The ALJ issued his decision on March 14, 2019. R. 31. Under step one of the five-step evaluation process, the ALJ found that Folk has not engaged in substantial gainful activity from his alleged onset date of September 28, 2015 through his date last insured of March 31, 2016. R. 24. The ALJ concluded that there were no medical signs or laboratory findings to substantiate the existence of a medically determinable impairment through the date last insured. R. 24–29. Therefore, the ALJ found that Folk was not under a disability, as defined by the Social Security Act, at any time from September 28, 2015 through March 31, 2016. R. 29. Based on this finding, the ALJ denied Folk's application. R. 29.

## IV.  DISCUSSION

Folk makes one argument in favor of remand: the ALJ failed to give proper weight to the opinions of his treating psychiatrist, Dr. Jamil. Doc. 12 at 24–27.  The court, however, finds that substantial evidence supports the ALJ's determination and the ALJ applied the proper standards to reach his conclusion.

At the outset, the court notes that Folk's initial brief provides no analysis supporting his argument.  The court therefore deems the argument to have been abandoned.  "[A] legal claim or argument that has not been briefed before the court is deemed abandoned and its merits will not be addressed." *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004).  "[A]n appellant's brief must include an argument containing appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." *Singh v. U.S. Atty. Gen.*, 561 F.3d 1275, 1278 (11th Cir. 2009) (quotation marks omitted).

Other than identifying the issue, Folk does not provide any analysis of the purported error in his initial brief.  Instead, the brief summarizes Dr. Jamil's opinion, excerpts large blocks of the ALJ's explanation for assigning Dr. Jamil's opinion little weight, and then provides the law the court must follow in analyzing an ALJ's assignment of weight to treating physician opinions. Doc. 12 at 24–27.  The brief thus does not include any substantive analysis of the purported error.  This sort of

perfunctory argument gives neither the Commissioner nor the court any guidance about Folk's argument aside from the fact that he asserts the existence of an error. *See Singh*, 561 F.3d at 1278 ("[A]n appellant's simply stating that an issue exists, without further argument or discussion, constitutes abandonment of that issue and precludes our considering the issue . . . ."); *see also Sapuppo*, 739 F.3d at 681 ("We have long held that an appellant abandons a claim when he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority.").

In apparent recognition of his lack of analysis, Folk's reply brief summarizes treatment records purportedly supporting Dr. Jamil's opinion and references a decision where a district court reversed a denial of benefits for failure to follow the treating physician's opinion. Doc. 16 at 3–13. But Folk still does not articulate how this evidence and this decision establish an error on the part of the ALJ in his case.

Even if the court did not deem the argument abandoned, it is due to be denied on its merits.[5] "In evaluating medical opinions, the ALJ considers many factors, including the examining relationship, the treatment relationship, whether the opinion is amply supported, [and] whether the opinion is consistent with the record and the

---

[5] On January 18, 2017, the SSA published final rules titled "Revisions to Rules Regarding the Evaluation of Medical Evidence." 82 Fed. Reg. 5844; *see also* 82 Fed. Reg. 15132 (March 27, 2017) (amending and correcting the final rules published at 82 Fed. Reg. 5844). However, because Folk's application was filed before March 27, 2017, the court applies the rules that were in effect at the time of Folk's application. Because of this conclusion, the Folk's Supplemental Authority in Support of Disability (Doc. 19) is inapplicable.

doctor's specialization." *Kelly v. Comm'r of Soc. Sec.*, 401 F. App'x 403, 407 (11th Cir. 2010) (citing 20 C.F.R. §§ 404.1527(d) & 416.927(d)). A treating physician's opinion "must be given substantial or considerable weight unless 'good cause' is shown to the contrary." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). "'[G]ood cause' exists when the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Phillips v. Barnhart*, 357 F.3d 1232, 1240–41 (11th Cir. 2004). The ALJ must clearly articulate his or her reasons for rejecting a treating physician's opinion. *Id*. at 1240–41.

Here, the ALJ has shown good cause for assigning little weight to the medical source statement completed by Dr. Jamil. His opinion consists of a checklist of questions with no explanation for Dr. Jamil's answers. R. 992. Without explanation or extrapolation from Dr. Jamil, the form has little probative value. Indeed, several courts have criticized similar "form reports," where a physician merely checks off a list of symptoms without providing an explanation of the evidence supporting the doctor's opinion. *See Foster v. Astrue*, 410 F. App'x 831, 833 (5th Cir. 2011) (holding that the use of a "questionnaire" format typifies "brief or conclusory" testimony); *Mason v. Shalala*, 994 F.2d 1058, 1065 (3d Cir. 1993) ("Form reports in which a physician's obligation is only to check a box or fill in a blank are weak

evidence at best[.]"); *Wilkerson ex rel. R.S. v. Astrue*, 2012 WL 2924023, at *3 (N.D. Ala. July 16, 2012) (finding that the "form report completed by Dr. Morgan and submitted by [plaintiff]'s counsel consisted of a series of conclusory 'check-offs' devoid of any objective medical findings"); *Hammersley v. Astrue*, 2009 WL 3053707, at *6 (M.D. Fla. Sept. 18, 2009) ("[C]ourts have found that check-off forms . . . have limited probative value because they are conclusory and provide little narrative or insight into the reasons behind the conclusions"). The court acknowledges, however, that the use of such forms "is not a basis, in and of itself, [to] discount them as conclusory." *Schink v. Comm'r of Soc. Sec.*, 935 F.3d 1245, 1262 (11th Cir. 2019) (emphasis added).

Notwithstanding the limitations of form reports, the ALJ correctly explained that even Dr. Jamil's own treatment notes do not provide support for the substantial limitations detailed in the mental health source statement. Dr. Jamil consistently noted that Folk had appropriate appearance, grooming, and behavior, along with normal speech and good eye contact. R. 522, 579–80, 593–94. In addition, Folk routinely displayed appropriate affect, was alert and fully oriented, had fair concentration and judgment, and had adequate insight and coherent thought process. R. 522, 579–80, 593–9. Dr. Jamil's notes further reveal that Folk was self-employed in managing and working his large farm during the relevant time period, and that he was able to perform some tasks that his son could not perform. R. 577, 591. In sum,

Folk's unremarkable mental status examinations provide substantial evidence to support the ALJ's finding that he did not have a medically determinable mental impairment through the date last insured. *See* 20 C.F.R. §§ 404.1520a & 404.1522; *Womble v. Comm'r of Soc. Sec.*, 705 F. App'x 923, 927 (11th Cir. 2017) (concluding that the ALJ's decision to discredit the opinion of the claimant's treating doctor was supported by substantial evidence where the opinion was not supported by the doctor's own treating notes); *Reynolds v. Comm'r of Soc. Sec.*, 457 F. App'x 850, 852 (11th Cir. 2012) (holding that the ALJ properly addressed the claimant's allegations of depression and found no severe impairment where the medical records documented minimal findings and a favorable prognosis for depression).

Accordingly, substantial evidence supports the ALJ's decision to give little weight to the opinions contained in Dr. Jamil's mental health source statement.

## V.  CONCLUSION

For these reasons, the Commissioner's decision is supported by substantial evidence and based upon the proper legal standards. Accordingly, the decision of the Commissioner is due be affirmed. A final judgment will be entered separately.

DONE and ORDERED on January 26, 2022.

_____
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE